UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARTFORD CASUALTY INSURANCE COMPANY,

        Plaintiff,

vs.                        Case No. 2:09-cv-501-FtM-29SPC

600 LA PENINSULA CONDOMINIUM ASSOCIATION, INC.,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Complaint for Declaratory Relief and/or Motion to Compel Immediate Appraisal, Appoint an Appraisal Umpire, Stay Entire Action Pending Completion of Appraisal and Award of Attorneys' Fees and Costs (Doc. #12) filed on August 21, 2009. Plaintiff filed an Opposition (Doc. #18) on September 18, 2009, defendant filed a Reply (Doc. #22), and plaintiff filed a Sur-Reply (Doc. #23). Plaintiff also filed a Notice of Supplemental Authority (Doc. #33.) The Court declines to convert the motion to one for summary judgment, and therefore the extraneous attachments will not be considered. See FED. R. CIV. P. 12(d).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).

"To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**II.**

On October 24, 2005, Hurrican Wilma made landfall just south of Naples, Florida. On October 26, 2005, defendant 600 La Peninsula Condominium Association, Inc. (La Peninsula) reported a claim for damage with its insurance carrier, Hartford Casualty Insurance Company (Hartford). During the investigation, a Hartford adjuster personally inspected the property and contacted TMI Construction (TMI) to inspect the property and prepare an estimate. The estimate was for $341,605.23, plus miscellaneous repairs

totaling $16,215.90. A total of $243,921.13 was accepted by La Peninsula after subtracting the deductible. La Peninsula separately executed a contract with TMI to conduct the repairs. By July 24, 2006, the insurance claim file was closed.

In December 2008, two and one-half years later, La Peninsula submitted a new estimate through its public adjuster East Coast Appraisers (East Coast) for approximately $2.5 million in Hurricane Wilma damage, and demanded appraisal on this second claim. The new estimate, dated November 27, 2008, included damage to items not previously observed or identified, and damage due to improper repairs. The claim was investigated by Hartford under a reservation of rights, from January 20, 2009, through July 2009.

On June 10, 2009, while the investigation was ongoing, La Peninsular filed a Civil Remedy Notice asserting wrongful denial of the December 2008 claim or failure to agree to an appraisal. In July 2009, Hartford denied coverage because there was no physical loss or damage to the property, any physical loss or damage was caused by excluded causes such as faulty workmanship, corrosion, deterioration, and the insured's neglect, and La Peninsula breached the notice condition and duty to protect damaged property under the Policy.

On July 31, 2009, plaintiff Hartford filed a Complaint for Declaratory Judgment (Doc. #1) against La Peninsula seeking a declaration as to coverage under a commercial insurance policy issued to La Peninsula by Hartford. Hartford seeks a declaration

that the December 2008 claim does not allege physical loss or damage; that any physical loss or damage was caused by excluded causes; that La Peninsula breached the Policy conditions thereby forfeiting coverage; and that an appraisal is not appropriate with respect to the coverage dispute. Hartford asserts that the December 2008 claim is not subject to appraisal because Hartford disputes coverage, and therefore it is not an amount-of-loss dispute. Therefore the Appraisal Provision of the Policy does not apply.

## III.

La Peninsula asserts that there is no coverage issue, and that this is simply a dispute as to loss after Hartford admitted to some covered loss. The Complaint plainly alleges that the claim was denied because it is not covered, that La Peninsula violated the Policy by not complying with post-loss obligations, that this is a separate claim from the previous covered claim, and that the appraisal policy does not apply, and seeks a declaration of same. The Court finds that the Complaint sufficiently states a plausible claim under FED. R. CIV. P. 8.

The Court further finds the coverage issue, including whether La Peninsula failed to comply with post-loss obligations, must be determined before the appraisal process, and any request for an appraisal is premature until coverage is determined. See, e.g., Galindo v. ARI Mut. Ins. Co., 203 F.3d 771 (11th Cir. 2000)(claims made 5 years after original claim was settled and invoking the appraisal process require compliance with post-loss terms of policy

before becoming subject to appraisal process). Since Hartford is wholly denying that the December 2008 claim is even covered, exclusive of the post-loss compliance issue, the Court finds that this is a judicial question that cannot be determined by an appraiser and must first be determined by the trial court. <u>Johnson v. Nationwide Mut. Ins. Co.</u>, 828 So. 2d 1021, 1025-26 (Fla. 2002); <u>State Farm Fire & Cas. Co. v. Wingate</u>, 604 So. 2d 578, 579 (Fla. 4th DCA 1992).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Complaint for Declaratory Relief and/or Motion to Compel Immediate Appraisal, Appoint an Appraisal Umpire, Stay Entire Action Pending Completion of Appraisal and Award of Attorneys' Fees and Costs (Doc. #12) is **DENIED** in its entirety.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of February, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record