```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

HARTFORD CASUALTY INSURANCE COMPANY,

                Plaintiff,

vs.                                  Case No. 2:09-cv-501-FtM-29SPC

600 LA PENINSULA CONDOMINIUM ASSOCIATION, INC.,

                Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Dismiss Counts III and IV of Defendant's Counterclaim (Doc. #40) and Motion to Strike Paragraphs From Count V of Defendant's Counterclaim (Doc. #41), filed on March 15, 2010. Defendant filed Responses in Opposition (Docs. ## 44, 45) on March 31, 2010.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

In the Counterclaims (Doc. #35, p. 9), 600 La Peninsula Condominium Association, Inc. (La Peninsula) alleges that, after reporting a loss due to Hurricane Wilma, Hartford Casualty Insurance Company (Hartford) obtained a contractor, TMI Construction (TMI), an Oklahoma based company, to determine the scope of and adjust the loss to La Peninsula. Hartford acknowledged coverage, accepted TMI's scope and amount of loss, and set the amount of loss as $357,821.13. Hartford issued a check for $243.921.13.

No explanation in writing was provided regarding the loss determination, but rather Hartford relied upon the estimate of TMI, who did not possess a Florida adjuster's license or a Florida General Contractor's license. Due to inadequate inspection/repairs/replacement and deficient payment, La Peninsula notified Hartford in 2008 that it was invoking the appraisal clause to determine the full amount of the loss, and the appraiser was identified. Hartford required post-loss compliance, and La Peninsula complied by providing access for inspections, documentation, and an examination under oath of La Peninsula's representative. Despite compliance, Hartford has refused to submit to appraisal.

La Peninsula seeks a declaratory judgment that the loss is covered and warrants the appraisal process, and that La Peninsula has complied with all post-loss obligations, or Hartford is precluded from arguing a failure to comply, or that if any obligations remain, they can be identified and satisfied. La Peninsula also seeks to compel appraisal (Count II), damages for Hartford's failure to pay the claim within 90 days of receiving notice in violation of Florida Statute Section 627.70131 (Count III), damages for a breach of implied covenant of good faith and fair dealing (Count IV), and damages for a breach of contract (Count V).

Hartford seeks to dismiss Counts III and IV of the Counterclaims as impermissible in the State of Florida.

**III.**

Hartford argues that Count III, which alleges a violation of FLA. STAT. § 627.70131, cannot form the sole basis for a cause of action against an insurer under the plain language of the statute, which provides:

> Within 90 days after an insurer receives notice of a property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay such claim or a portion of the claim is caused by factors beyond the control of the insurer which reasonably prevent such payment. . . . Failure to comply with this subsection constitutes a violation of this code. *However, failure to comply with this subsection shall not form the sole basis for a private cause of action.*

FLA. STAT. § 627.70131(5)(a)(emphasis added). In QBE Ins. Corp. v. Dome Condo. Ass'n, Inc., 577 F. Supp. 2d 1256, 1261-62 (S.D. Fla. 2008), the court noted that the statute became effective on June 11, 2007, a date long after the claim arose from 2005 hurricane damage, and therefore no cause of action could be stated because it would be solely based on the statute. In this case, the same 2005 hurricane caused the damage, therefore under the plain language of the statute, no cause of action can be stated. The motion to dismiss Count III will be granted.

Hartford also seeks to dismiss Count IV, the claim for a breach of implied covenant of good faith and fair dealing, because it is not currently recognized in the State of Florida separate from a claim of bad faith. La Peninsula responds that contract law recognizes the cause of action in every contract. It is unclear

whether a common law claim supports a distinct cause of action from a statutory bad faith claim on an insurance contract, or whether the statutory claim is to be construed as an exclusive remedy. See Chalfonte Condo. Apt. Ass'n, Inc. v. QBE Ins. Corp., 561 F.3d 1267 (11th Cir. 2009)(certifying questions to Florida Supreme Court, SC09-441). Therefore, the motion will be denied at this time.

**IV.**

Plaintiff seeks to strike paragraphs 57 through 60 from Count V of the Counterclaims because they "assert common law bad faith," which is not permitted in a first-party coverage dispute. Defendant objects that the wording is responsive to the allegations in the Complaint, that Count V is for breach of contract, and that no bad faith cause of action is being asserted. Under FED. R. CIV. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Upon review, the Court finds that defendant is not setting forth a bad faith claim within the breach of contract claim, and defendant has explicitly stated that no bad faith claim is being asserted. The motion to strike the paragraphs will be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Dismiss Counts III and IV of Defendant's Counterclaim (Doc. #40) is **GRANTED IN PART AND DENIED**

**IN PART**. The motion is granted as to Count III, which is dismissed, and the motion is denied without prejudice as to Count IV.

2. Plaintiff's Motion to Strike Paragraphs From Count V of Defendant's Counterclaim (Doc. #41) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of June, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record